## *A preliminary statement*

In regards the sheriff civil law authority, was usurped with no constitutional authority it is not even LAW, we live in a [POLICE STATE]

143rd Delaware General Assembly [Senate and House] is liable. for not passing a Law which overides the Janr Brady's unconstitutional edict
[A decree or proclamation issued by an authority and having the force of law]

<u>THERE IS NO LAW</u>

06-435

**Wednesday, July 12, 2006 Amended Complaint**

Page 1

IN THE FEDERAL DISTRICT COURT OF THE

THIRD DISTRICT WILMINGTON DELAWARE



FILED
JUL 17 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

No scanned

Joseph and Olga D'Alessandro Pro-Se & Pro-Socia
23136 Prince George Drive
Lewes Delaware 19958

Plantiffs

CIVIL DOCKET VERIFIED COMPLAINT
DEMAND A JURY TRIAL [SEVENTH AMENDMENT]

The State of Delaware
and 143rd Delaware General Assembly [Senate and House]
all State Legislators
in there official capacity and individual capacity.

AMENDMENT 11,

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

This amendment makes it impossible for a citizen of one state to sue another state in federal court. The amendment resulted from the 1793 case of Chisholm v. Georgia, in which a man from South Carolina sued the state of Georgia over an inheritance. Georgia argued that it could not be sued in federal court, but the Supreme Court ruled that the state could be. Georgia then led a movement to add this amendment to the Constitution. <u>However, individuals can still sue state authorities in federal court for depriving them of their Constitutional rights.</u>

143rd Delaware General Assembly [Senate and House] is liable for not acting according to

the United States Constitution and The Delaware State Constitution and The Law of The Land

"The 1878 Posse Comitatus Act"

The sheriff of sussex county was usurped of his civil common-law authority.

Defendants

**See EXHIBIT [A]**

JURISDICTION

TITLE 28 > PART IV > CHAPTER 85 > § 1331   Prev | Next

1331. Federal question

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. And USC Title 18 treason to the United States Constitution and The Delaware State Constitution.

**Point of Authority**

**stare decisis**
**Latin for "to stand by a decision,"** ..

**CONSTITUTIONAL RIGHTS of PLANTIFFS**
**PRO SE RIGHTS:**

**Roadway Express v. Pipe, 447 U.S. 752 at 757 (1982)**

   "Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law."

**Sherar v. Cullen, 481 F. 2d 946 (1973)**

   "There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights."

**Schware v. Board of Examiners, United State Reports 353 U.S. pages 238, 239.**

"The practice of law cannot be licensed by any state/State."

**Sims v. Aherns, 271 SW 720 (1925)**

"The practice of law is an occupation of common right."

**Boyd v. United, 116 U.S. 616 at 635 (1885)**

Justice Bradley, "It may be that it is the obnoxious thing in its mildest form; but illegitimate and unconstitutional practices get their first footing in that way; namely, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of persons and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of the Courts to be watchful for the Constitutional Rights of the Citizens, and against any stealthy encroachments thereon. Their motto should be Obsta Principiis."

**Brotherhood of Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1; v. Wainwright, 372 U.S. 335; Argersinger v. Hamlin, Sheriff 407 U.S. 425**

Litigants can be assisted by unlicensed laymen during judicial proceedings.

**Conley v. Gibson, 355 U.S. 41 at 48 (1957)**

"Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.

**Davis v. Wechler, 263 U.S. 22, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449**

"The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."

**Elmore v. McCammon (1986) 640 F. Supp. 905**

"... the right to file a lawsuit pro se is one of the most important rights under the constitution and laws."

**Federal Rules of Civil Procedures, Rule 17, 28 USCA "Next Friend"**

A next friend is a person who represents someone who is unable to tend to his or her own interest.

Haines v. Kerner, 404 U.S. 519 (1972)

"Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."

Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233

Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.

Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)

"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."

NAACP v. Button, 371 U.S. 415); United Mineworkers of America v. Gibbs, 383 U.S. 715; and Johnson v. Avery, 89 S. Ct. 747 (1969)

Members of groups who are competent nonlawyers can assist other members of the group achieve the goals of the group in court without being charged with "unauthorized practice of law."

Picking v. Pennsylvania Railway, 151 F.2d. 240, Third Circuit Court of Appeals

The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."

Puckett v. Cox, 456 F. 2d 233 (1972) (6th Cir. USCA)

It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson (see case listed above, Pro Se Rights Section).

Downs v. Bidwell, 182 U.S. 244 (1901)

"It will be an evil day for American Liberty if the theory of a government outside supreme law finds lodgement in our constitutional jurisprudence. No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution."

Gomillion v. Lightfoot, 364 U.S. 155 (1966), cited also in Smith v. Allwright, 321 U.S. 649.644

"Constitutional 'rights' would be of little value if they could be indirectly denied."

Juliard v. Greeman, 110 U.S. 421 (1884)

Supreme Court Justice Field, "There is no such thing as a power of inherent sovereignty in the government of the United States... In this country, sovereignty resides in the people, and Congress can exercise power which they have not, by their Constitution, entrusted to it. All else is withheld."

**Mallowy v. Hogan, 378 U.S. 1**

"All rights and safeguards contained in the first eight amendments to the federal Constitution are equally applicable."

**Miranda v. Arizona, 384 U.S. 426, 491; 86 S. Ct. 1603**

"Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them."

**Norton v. Shelby County, 118 U.S. 425 p. 442**

"An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed."

**Perez v. Brownell, 356 U.S. 44, 7; 8 S. Ct. 568, 2 L. Ed. 2d 603 (1958)**

"...in our country the people are sovereign and the government cannot sever its relationship to them by taking away their citizenship."

**Sherar v. Cullen, 481 F. 2d 946 (1973)**

"There can be no sanction or penalty imposed upon one because of his exercise of constitutional rights."

**Simmons v. United States, 390 U.S. 377 (1968)**

"The claim and exercise of a Constitution right cannot be converted into a crime"... "a denial of them would be a denial of due process of law".

**Warnock v. Pecos County, Texas., 88 F3d 341 (5th Cir. 1996)**

Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

## CORRUPTION OF AUTHORITY:

**Burton v. United States, 202 U.S. 344, 26 S. Ct. 688 50 L.Ed 1057**

United States Senator convicted of, among other things, bribery.

Butz v. Economou, 98 S. Ct. 2894 (1978); United States v. Lee, 106 U.S. at 220, 1 S. Ct. at 261 (1882)

"No man [or woman] in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it."

*Cannon v. Commission on Judicial Qualifications, (1975) 14 Cal. 3d 678, 694

Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

*Geiler v. Commission on Judicial Qualifications, (1973) 10 Cal.3d 270, 286

Society's commitment to institutional justice requires that judges be solicitous of the rights of persons who come before the court.

*Gonzalez v. Commission on Judicial Performance, (1983) 33 Cal. 3d 359, 371, 374

Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

Olmstad v. United States, (1928) 277 U.S. 438

"Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy."

Owen v. City of Independence

"The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury."

Perry v. United States, 204 U.S. 330, 358

"I do not understand the government to contend that it is any less bound by the obligation than a private individual would be..." "It is not the function of our government to keep the citizen from falling into error; it is the function of the citizen to keep the government from falling into error."

*Ryan v. Commission on Judicial Performance, (1988) 45 Cal. 3d 518, 533

Before sending a person to jail for contempt or imposing a fine, judges are required to provide due process of law, including strict adherence to the procedural requirements contained in the Code of Civil Procedure. Ignorance of these procedures is not a mitigating but an aggravating factor.

U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance, with impunity. All the officers of the government, from the highest to the lowest, are creatures

of the law are bound to obey it."

"It is the only supreme power in our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives."

Warnock v. Pecos County, Texas, 88 F3d 341 (5th Cir. 1996)

Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

## DISMISSAL OF SUIT:

Note: [Copied verbiage; we are not lawyers.] It can be argued that to dismiss a civil rights action or other lawsuit in which a serious factual pattern or allegation of a cause of action has been made would itself be violating of procedural due process as it would deprive a pro se litigant of equal protection of the law vis a vis a party who is represented by counsel.

Also, see Federal Rules of Civil Procedure, Rule 60 - Relief from Judgment or Order (a) Clerical Mistakes and (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.

Warnock v. Pecos County, Texas, 88 F3d 341 (5th Cir. 1996)

Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

Walter Process Equipment v. Food Machinery, 382 U.S. 172 (1965)

... in a "motion to dismiss, the material allegations of the complaint are taken as admitted". From this vantage point, courts are reluctant to dismiss complaints unless it appears the plaintiff can prove no set of facts in support of his claim which would entitle him to relief (see Conley v. Gibson, 355 U.S. 41 (1957)).

## EQUAL PROTECTION UNDER THE LAW

Cochran v. Kansas, 316 U.S. 255, 257-258 (1942)

"However inept Cochran's choice of words, he has set out allegations supported by affidavits, and nowhere denied, that Kansas refused him privileges of appeal which it afforded to others. *** The State properly concedes that if the alleged facts pertaining to the suppression of Cochran's appeal were disclosed as being true, ... there would be no question but that there was a violation of the equal protection clause of the Fourteenth Amendment."

Duncan v. Missouri, 152 U.S. 377, 382 (1894)

Due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

Giozza v. Tiernan, 148 U.S. 657, 662 (1893), Citations Omitted

"Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights... It is enough that there is no discrimination in favor of one as against another of the same class. ...And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

Kentucky Railroad Tax Cases, 115 U.S. 321, 337 (1885)

"The rule of equality... requires the same means and methods to be applied impartially to all the constitutents of each class, so that the law shall operate equally and uniformly upon all persons in similar circumstances".

Truax v. Corrigan, 257 U.S. 312, 332

"Our whole system of law is predicated on the general fundamental principle of equality of application fo the law. 'All men are equal before the law,' "This is a government of laws and not of men,' 'No man is above the law,' are all maxims showing the spirit in which legislatures, executives, and courts are expected to make, execute and apply laws. But the framers and adopters of the (Fourtheenth) Amendment were not content to depend... upon the spirit of equality which might not be insisted on by local public opinion. They therefore embodied that spirit in a specific guaranty."

## JUDICIAL IMMUNITY:

See Judicial Immunity page for more citations (links) and news articles regarding the topic.

See also, 42 USC 1983 - Availability of Equitable Relief Against Judges.

Note: [Copied verbiage; we are not lawyers.] Judges have given themselves judicial immunity for their judicial functions. Judges have no judicial immunity for criminal acts, aiding, assisting, or conniving with others who perform a criminal act or for their administrative/ministerial duties, or for violating a citizen's constitutional rights. When a judge has a duty to act, he does not have discretion - he is then not performing a judicial act; he is performing a ministerial act.

Nowhere was the judiciary given immunity, particularly nowhere in Article III; under our Constitution, if judges were to have immunity, it could only possibly be granted by amendment (and even less possibly by legislative act), as Art. I, Sections 9 & 10, respectively, in fact expressly prohibit such, stating, "No Title of Nobility shall be granted by the United States" and "No state shall... grant any Title of Nobility." Most of us are certain that Congress itself doesn't understand the inherent lack of immunity for judges.

Article III, Sec. 1, "The Judicial Power of the United States shall be vested in one supreme court, and in such inferior courts, shall hold their offices during good behavior."

Tort & Insurance Law Journal, Spring 1986 21 n3, p 509-516, "Federal tort law: judges cannot invoke judicial immunity for acts that violate litigants' civil rights." - Robert Craig Waters.

Ableman v. Booth, 21 Howard 506 (1859)

"No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence."

Chandler v. Judicial Council of the 10th Circuit, 398 U.S. 74, 90 S. Ct. 1648, 26 L. Ed. 2d 100

Justice Douglas, in his dissenting opinion at page 140 said, "If (federal judges) break the law, they can be prosecuted." Justice Black, in his dissenting opinion at page 141) said, "Judges, like other people, can be tried, convicted and punished for crimes... The judicial power shall extend to all cases, in law and equity, arising under this Constitution".

Cooper v. Aaron, 358 U.S. 1, 78 S. Ct. 1401 (1958)

Note: Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. The judge is engaged in acts of treason.

The U.S. Supreme Court has stated that "no state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it". See also In Re Sawyer, 124 U.S. 200 (188); U.S. v. Will, 449 U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821).

Cooper v. O'Conner, 99 F.2d 133

There is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign.

Davis v. Burris, 51 Ariz. 220, 75 P.2d 689 (1938)

A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts.

Forrester v. White, 484 U.S. at 227-229, 108 S. Ct. at 544-545 (1987); Westfall v.Erwin, 108 S. Ct. 580 (1987); United States v. Lanier (March 1997)

Constitutionally and in fact of law and judicial rulings, state-federal "magistrates-judges" or any government actors, state or federal, may now be held liable, if they violate any Citizen's Constitutional rights, privileges, or immunities, or guarantees; including statutory civil rights.

A judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity.

Gregory v. Thompson, F.2d 59 (C.A. Ariz. 1974)

Generally, judges are immune from suit for judicial acts within or in excess of their jurisdiction even if those acts have been done maliciously or corruptly; the only exception being for acts done in the clear absence of all jurisdiction.

Hoffsomer v. Hayes, 92 Okla 32, 227 F. 417

"The courts are not bound by an officer's interpretation of the law under which he presumes to act."

Marbury v. Madison, 5 U.S. (2 Cranch) 137, 180 (1803)

"... the particular phraseology of the constitution of the United States confirms and strengthens the principle, supposed to be essential to all written constitutions, that a law repugnant to the constitution is void, and that courts, as well as other departments, are bound by that instrument."

"In declaring what shall be the supreme law of the land, the Constitution itself is first mentioned; and not the laws of the United States generally, but those only which shall be made in pursuance of the Constitution, have that rank".

"All law (rules and practices) which are repugnant to the Constitution are VOID".

Since the 14th Amendment to the Constitution states "NO State (Jurisdiction) shall make or enforce any law which shall abridge the rights, privileges, or immunities of citizens of the United States nor deprive any citizens of life, liberty, or property, without due process of law, ... or equal protection under the law", this renders judicial immunity unconstitutional.

Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872)

"Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction."

Pulliam v. Allen, 466 U.S. 522 (1984); 104 S. Ct. 1781, 1980, 1981, and 1985

In 1996, Congress passed a law to overcome this ruling which stated that judicial immunity doesn't exist; citizens can sue judges for prospective injunctive relief.

"Our own experience is fully consistent with the common law's rejection of a rule of judicial immunity. We never have had a rule of absolute judicial immunity. At least seven circuits have indicated affirmatively that there is no immunity... to prevent irreparable injury to a citizen's constitutional rights..."

"Subsequent interpretations of the Civil Rights Act by this Court acknowledge Congress' intent to reach unconstitutional actions by all state and federal actors, including judges... The Fourteenth Amendment prohibits a state [federal] from denying any person [citizen] within its jurisdiction the equal protection under the laws. Since a State [or federal] acts only by its legislative, executive or judicial authorities, the constitutional provisions must be addressed to those authorities, including state and federal judges..."

"We conclude that judicial immunity is not a bar to relief against a judicial officer acting in her [his] judicial capacity."

Mireles v. Waco, 112 S. Ct. 286 at 288 (1991)

A judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity; however, even in a case involving a particular attorney not assigned to him, he may reach out into the hallway, having his deputy use "excessive force" to haul the attorney into the courtroom for chastisement or even incarceration. A Superior Court Judge is broadly vested with "general jurisdiction." Provided the judge is not divested of all jurisdiction, he may have his actions excused as per this poor finding.

Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)

Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect.

The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

Stump v. Sparkman, id., 435 U.S. 349

Some Defendants urge that any act "of a judicial nature" entitles the Judge to absolute judicial immunity. But in a jurisdictional vacuum (that is, absence of all jurisdiction) the second prong necessary to absolute judicial immunity is missing.

A judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity.

Rankin v. Howard, 633 F.2d 844 (1980)

The Ninth Circuit Court of Appeals reversed an Arizona District Court dismissal based upon absolute judicial immunity, finding that both necessary immunity prongs were absent; later, in Ashelman v. Pope, 793 F.2d 1072 (1986), the Ninth Circuit, en banc, criticized the "judicial nature" analysis it had published in Rankin as unnecessarily restrictive. But Rankin's ultimate result was not changed, because Judge Howard had been independently divested of absolute judicial immunity by his complete lack of jurisdiction.

U.S. Fidelity & Guaranty Co. (State use of), 217 Miss. 576, 64 So. 2d 697

When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction.

U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it."

"It is the only supreme power in our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives."

Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326

When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost.

## JURISDICTION:

NOTE: It is a fact of law that the person asserting jurisdiction must, when challenged, prove that jurisdiction exists; mere good faith assertions of power and authority (jurisdiction) have been abolished.

Albrecht v. U.S.

Balzac v. People of Puerto Rico, 258 U.S. 298 (1922)

"The United States District Court is not a true United States Court, established under Article 3 of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under Article 4, 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court."

Basso v. UPL, 495 F. 2d 906

Brook v. Yawkey, 200 F. 2d 633

Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

Under federal Law, which is applicable to all states, the U.S. Supreme Court stated that "if a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers."

Griffin v. Mathews, 310 Supp. 341, 423 F. 2d 272

Hagans v. Lavine, 415 U.S. 528

Howlett v. Rose, 496 U.S. 356 (1990)

   Federal Law and Supreme Court Cases apply to State Court Cases.

Louisville & N.R. Co. v. Mottley, 211 U.S. 149

Mack v. United States, 07-27-97, Justice Antonin Scalia

   "The Federal Government may neither issue directives requiring the States to address particular problems, nor command the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program. It matters not whether policy making is involved, and no case-by-case weighing of the burdens or benefits is necessary; such commands are fundamentally incompatible with our constitutional system of dual sovereignty."

Mack v. United States, 07-27-97, Justice Antonin Scalia

   "Residual state sovereignty was also implicit, of course, in the Constitution's conferral upon Congress of not all governmental powers, but only discrete and enumerated ones."

Maine v. Thiboutot, 448 U.S. 1

Mookini v. U.S., 303 U.S. 201 (1938)

   "The term 'District Courts of the United States' as used in the rules without an addition expressing a wider connotation, has its historic significance. It describes the constitutional courts created under Article 3 of the Constitution. Courts of the Territories are Legislative Courts, properly speaking, and are not district courts of the United States. We have often held that vesting a territorial court with jurisdiction similar to that vested in the district courts of the United States (98 U.S. 145) does not make it a 'District Court of the United States'.

   "Not only did the promulgating order use the term District Courts of the United States in its historic and proper sense, but the omission of provision for the application of the rules the territorial court and other courts mentioned in the authorizing act clearly shows the limitation that was intended."

McNutt v. General Motors, 298 U.S. 178

New York v. United States, 505 U.S. 144 (1992)

   "We have held, however, that state legislatures are not subject to federal direction."

Owens v. The City of Independence, 445 U.S. 622, 100 S. Ct. 1398 (1980)

Thomson v. Gaskill, 315 U.S. 442

## JUSTICE DEPARTMENT:

United States v. Chadwick, 433 U.S. I at 16 (1976)

"It is deeply distressing that the Department of Justice, whose mission is to protect the constitutional liberties of the people of the United States, should even appear to be seeking to subvert them by extreme and dubious legal argument."

## PEACEFUL ASSEMBLY (DEMONSTRATIONS):

Elrod v. Burns, 427 U.S. 347; 6 S. Ct. 2673; 49 L. Ed. 2d (1976)

"Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."

Miller v. U.S., 230 F. 2d. 486, 490; 42

"There can be no sanction or penalty imposed upon one, because of his exercise of constitutional rights."

Murdock v. Pennsylvania, 319 U.S. 105

"No state shall convert a liberty into a license, and charge a fee therefore."

Shuttlesworth v. City of Birmingham, Alabama, 373 U.S. 262

"If the State converts a right (liberty) into a privilege, the citizen can ignore the license and fee and engage in the right (liberty) with impunity."

United States Constitution, First Amendment

Right to Petition; Freedom of Association.

## PROBABLE CAUSE:

Brinegar v. U.S., 388 US 160 (1949)

Probable Cause to Arrest - Provides details on how to determine if a crime has been or is being committed.

Carroll v. U.S., 267 US 132 (1925)

Probable Cause to Search - Provides details on the belief that seizable property exists in a particular place or on a particular person.

**Draper v. U.S. (1959)**

Probable cause is where known facts and circumstances, of a reasonably trustworthy nature, are sufficient to justify a man of reasonable caution in the belief that a crime has been or is being committed. Reasonable man definition; common textbook definition; comes from this case.

## COMPLAINT

We have a nineteen year old cat [Smokey] he refuses to be maintained he is a house cat never goes out declawed etc. Olga was attempting once again to remove hair knots and he bit her.[provoked]
I took Olga to ER Beebe Hospital for obvious reasons infection.

Next thing animal patrol is at my house tuesday morning from kent county not his jurisdiction.
I have to take your cat ???????????????????. I said no way I want the Sheriff hear first.
Then The State Police pull up as though i was a criminal.
The State Police have no jurisdiction.

143rd Delaware General Assembly [Senate and House] is liable for not acting according to

the United States Constitution and The Delaware State Constitution and The Law of The Land

"The 1878 Posse Comitatus Act"

The sheriff of sussex county was usurped of his civil common-law authority.

and replaced with a [POLICE STATE].

Two Delaware State police officers [Lewes Barracks] enterd my home illegally,

they violated [OUR] United States Constitution. And Ninth and Fourthteenth Amendments.

The Delaware State Police have no jurisdiction in civil matters the Sussex County

sheriff's common-law authority voids, and moots any attempt by the Delaware State police to

intervene in civil matters.

The Delaware State Legislaters passed and illegal law overriding the National Law Of The Land

The Posse Comitatus Act of 1878 which till this moment has not been amended.

"Substantive Due Process" is the fundamental constitutional legal theory upon which the Griswold/Roe/Casey privacy right is based. The doctrine of Substantive Due Process holds that the Due Process Clause not only requires "due process," that is, basic procedural rights, but that it also protects basic substantive rights. "Substantive" rights are those general rights that reserve to the individual the power to possess or to do certain things, despite the government's desire to the contrary. These are rights

like freedom of speech and religion. "Procedural" rights are special rights that, instead, dictate how the government can lawfully go about taking away a person's freedom or property or life, when the law otherwise gives them the power to do

"Substantive Due Process" is the fundamental constitutional legal theory upon which the Griswold/Roe/Casey privacy right is based. The doctrine of Substantive Due Process holds that the Due Process Clause not only requires "due process," that is, basic procedural rights, but that it also protects basic substantive rights. "Substantive" rights are those general rights that reserve to the individual the power to possess or to do certain things, despite the government's desire to the contrary. These are rights like freedom of speech and religion. "Procedural" rights are special rights that, instead, dictate how the government can lawfully go about taking away a person's freedom or property or life, when the law otherwise gives them the power to do so.

[point of fact]
If the Federal Government and/or State Government pass a law if the Law violates OUR United

States Constitution the law is void, moot and frivilous.

The Sussex county sheriff has full common-civil law authority in sussex county not the

Delaware State Police. The sheriff can request help from the Delaware State Police, that is it.

THE LAW.
What in the world does "Posse Comitatus" mean? How does it affect ordinary citizens?

Posse comitatus is Latin for "power of the county." The term refers to a sheriff's common-law authority to arrange citizens into a posse in order to enforce laws. It appeared in English law in the 1400s after a riot that took place.

This Act of 1878 needs to be amended by The United States Congress for Delaware Law to

be legal.

Futhermore one of the officers took vitamins that were in a bowl, my wife takes, daily assuming

they where drugs.

My Wife Olga is under the care at this very moment by a Psychologist, and Psychiatrist,

and takes adavan, and cymbalta.

Futhermore I would of been in my legal rights to protect my home from the Delaware

State police illegal entry.

You need to change this illegal law [NOT EVEN A LAW] ASAP [NOW] because there is some

crazy out there ????????????

NOTE [Not Me] who will push the envelope.

PRAYER FOR RELIEF

[a] punitive damages
[b] treble damages

THE ABOVE IS TRUE UNDER PENALTY OF PERJURY

Joseph & Olga D'Alessandro
23136 Prince George Drive
Lewes, Delaware 19958-9342

302 945 1554

## EXHIBIT [A]

You have violated The United States and The State of Delaware Constitution
I will amend lawsuit after prcedural rulings by the Judge.
To include Treason and Mis-Prison of a Felony. Your Usurping of The sheriffs and my Constituttal rights are treason

I want Smokey Back NOW Wednesday, July 12, 2006

ARTICLE. XV MISCELLANEOUS

§ 1. Conservators of the peace.

Section 1. The Chancellor, Judges and Attorney-General shall be conservators of the peace throughout the State; and the <u>Sheriffs shall be conservators of the peace within the counties respectively in which they reside.</u>

§ 2. Receipt for fees.

Section 2. No public officer shall receive any fees without giving to the person paying the same a receipt therefor, if required, therein specifying every item and charge.

§ 3. Costs on bill returned ignoramus or on acquittal.

Section 3. No costs shall be paid by a person accused, on a bill returned ignoramus, nor on acquittal.

§ 4. Extension of term of public officer; diminution of salary or emoluments.

Section 4. No law shall extend the term of any public officer or diminish the salary or emoluments after his or her election or appointment. The term "salary or emoluments" as used herein refers to the actual

salary or emoluments being provided an officer at any time during his or her tenure in office and shall not be construed to mean increases in salary or emoluments scheduled by statute for a future date and not yet received by the officer.

§ 5. Officers to hold office until successors qualify.

Section 5. All public officers shall hold their respective offices until their successors shall be duly qualified, except in cases herein otherwise provided.

§ 6. Behavior of officers; removal for misbehavior or infamous crime.

Section 6. All public officers shall hold their offices on condition that they behave themselves well. The Governor shall remove from office any public officer convicted of misbehavior in office or of any infamous crime.

§ 7. Offenses excepted from prohibition against prosecuting by information and jury trial.

Section 7. The matters within Section 30 of Article IV and Sections 7 and 8 of Article V are excepted from the provision of the Constitution that "No person shall for any indictable offense be proceeded against criminally by information," and also from the provisions of the Constitution concerning trial by jury.

§ 8. Interest of member or officer of department in contracts for supplies or services of department prohibited.

Section 8. No member or officer of any department of the government shall be in any way interested in any contract for the furnishing of stationery, printing, paper and fuel used in the legislative and other departments of government; or for the printing, binding and distributing of the laws, journals, official reports, and all other printing and binding, and the repairing and furnishing the halls and rooms used for the meetings of the General Assembly and its committees, when such contract is awarded to or by any such member, officer or department.

§ 9. Prefixing Constitution to codification of laws.

Section 9. This Constitution shall be prefixed to every codification of the Laws of this State.

§ 10. Disqualification to hold office by reason of sex.

Section 10. No citizen of the State of Delaware shall be disqualified to hold and enjoy any office, or public trust, under the laws of this State, by reason of sex.



ph D'Alessandro & Olga D'Alessandro
6 Prince George Drive
ola Estates
es, Delaware 19958-9342

U.S. District Court
844 N. King Street
Lockbox 18
Wilmington, DE 19801