IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH L. D'ALESSANDRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-435-GMS |
| | ) | |
| STATE OF DELAWARE and 143RD | ) | |
| DELAWARE GENERAL ASSEMBLY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Joseph L. D'Alessandro filed this lawsuit on July 14, 2006, alleging that the 143rd Delaware General Assembly is liable for not passing a law to override the Delaware Attorney General's "unconstitutional edict." (D.I. 2.) An amended complaint was filed on July 17, 2006. (D.I. 4.) The plaintiff appears *pro se* and on October 17, 2006, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 13.) For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    THE COMPLAINT**

The amended complaint is brought against the State of Delaware ("Delaware") and the 143rd Delaware General Assembly ("General Assembly") in their official and individual capacities. The amended complaint alleges that the General Assembly is liable for not acting according to the U.S. Constitution, the Delaware Constitution, and the 1878 Posse Comitatus Act. (D.I. 4, at 1-2.) D'Alessandro does not indicate under which statute he wishes to proceed, but does indicate that the matter proceeds on a federal question. Inasmuch as he sues state entities, it appears D'Alessandro proceeds pursuant to 42 U.S.C. § 1983 which provides for a

cause of action when there is an allegation that a person has been deprived of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

After quoting and citing various cases, D'Alessandro refers to an incident wherein two Delaware state police officers entered his home. He alleges the entry was illegal and violated his rights under the Ninth and Fourteen Amendments. D'Alessandro alleges that the state police did not have jurisdiction to enter his home and that in doing so, they usurped the Sussex County Sheriff's civil common-law authority. D'Alessandro further alleges that the sheriff's common law authority "voids and moots" any attempts by the Delaware State Police to intervene in civil matters. D'Alessandro alleges that the General Assembly passed an illegal law overriding the National Law of the Land, the Posse Comitatus Act of 1878. He alleges that in order for it to be legal, the Posse Comitatus Act of 1878 needs to be amended by the United States Congress.

## II.  STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be

dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as the plaintiff proceeds *pro se*, the court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.    ANALYSIS

Delaware and its General Assembly, the legislative branch of government for the State of Delaware, are the named defendants. The Eleventh Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *see MCI Telecom. Corp v. Bell Atlantic of Penn.*, 271 F3d 491 (3d Cir. 2001) (states are generally immune from private suits in federal court). The Eleventh Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996) (citing Pennhurst State *School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Neither the State of Delaware nor its legislative branch have waived their Eleventh Amendment immunity, and therefore, they are immune from suit. Moreover, the Supreme Court has held that individual members of state legislatures are absolutely immune from suit for damages under 42 U.S.C. § 1983 when conducting legitimate legislative activity. *Tenney v. Brandhove*, 341 U.S. 367, 376-79 (1951). Accordingly, each and every member of the 143rd Delaware General Assembly is absolutely immune from suit. Based upon the foregoing, D'Alessandro's claim has no arguable basis in law or in fact. It is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IV.     **CONCLUSION**

For the above stated reasons the court will dismiss this action as frivolous. Leave to amend the complaint will not be given as any effort to do so would be futile. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

November _16_, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH L. D'ALESSANDRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-435-GMS |
| | ) |
| STATE OF DELAWARE and 143RD | ) |
| DELAWARE GENERAL ASSEMBLY, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 16th day of November, 2006, for the reasons set forth in the Memorandum issued this date, the complaint is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

_____
UNITED STATES DISTRICT JUDGE

FILED

NOV 16 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE