IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH L. D'ALESSANDRO,    )<br>                              )<br>     Plaintiff,              )<br>                              )<br>v.                            )  Civ. No. 06-435-GMS<br>                              )<br>STATE OF DELAWARE, et al.,   )<br>                              )| |

**MEMORANDUM ORDER**

The plaintiff, Joseph L. D'Alessandro ("D'Alessandro"), proceeds *pro se* and filed this lawsuit on July 14, 2006. (D.I. 1.) On November 16, 2006, the court dismissed the case as frivolous. (D.I. 16.) Now before the court are the plaintiff, Joseph L. D'Alessandro's motions to reopen the case which the court construe as motions for reconsideration pursuant to Fed. R. Civ. P. 60. (D.I. 17, 18.) D'Alessandro filed an identical motion in *D'Alessandro v. American Civil Liberties Union*, Civ. Action No. 06-212-GMS (D. Del.)

D'Alessandro refers to Rule 60(b) of the Federal Rules of Civil Procedure in support of his motion which provides a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

D'Alessandro makes reference to "mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc." but his motion contains no argument in this regard. Instead, D'Alessandro contends that the court ignored and/or violated the law, decided the case without the evidence of a single witness, and violated D'Alessandro's First Amendment rights. It appears, therefore, that D'Alessandro claims the court made an error of law in reaching its decision of November 16, 2006.

Accordingly, the court construes the motion as one under Rule 59(e), as opposed to one under Rule 60. *See Smith v. Evans*, 853 F.2d 155, 158-59 (3d Cir. 1988). A Rule 59(e) motion is the proper device a litigant should use to "to relitigate the original issue." *Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R.*, 824 F.2d 249, 253 (3d Cir.1987). Under Fed. R. Civ. P. 59(e), a party seeking to alter or amend a judgment must establish one of the following grounds for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins., Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

D'Alessandro provides no valid reason for the court to reconsider its November 16, 2006 ruling. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Notably, D'Alessandro has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion will be denied.

NOW THEREFORE, at Wilmington this 10th day of April, 2007, IT

IS HEREBY ORDERED that the Motion for Reconsideration (D.I. 16) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

FILED
APR 1 1 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE